UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jovon Johnson, #497927, | ) | C/A No. 4:24-2462-SAL-TER |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Chuck Wright, | ) | |
| Sgt. Baton, | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed by a pretrial detainee, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief

may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

On May 1, 2024, Plaintiff was ordered to file an Amended Complaint. (ECF No. 7). Plaintiff did so but with deficiencies. (ECF No. 10). On May 30, 2024, this action was recommended to be

summarily dismissed because it was duplicative of another pending action. (ECF No. 16). Plaintiff indicated otherwise, and the district judge gave an opportunity for Plaintiff to file a Second Amended Complaint. (ECF No. 21). Plaintiff filed a Second Amended Complaint, which contained different deficiencies. (ECF No. 28). The district judge recommitted this action to the undersigned on August 2, 2024. (ECF No. 27). On August 29, 2024, Plaintiff filed a Third Amended Complaint, which contains deficiencies. (ECF No. 37).

Plaintiff alleges this is a § 1983 action where he "was hit with a broom then sent to the BMU and the[y] took my mat, socks, and boxers, and made to sleep on steel and walk without shoes and socks." (ECF No. 1 at 5). Plaintiff alleges as injuries his head and back hurts and that "they" sent him to medical but "they do anything." (ECF No. 37 at 6)(errors in original).

In his Third Amended Complaint Plaintiff sues both defendants here in their official capacity only. Plaintiff seeks monetary damages("$120,000 for pain and suffering and to get better protection for inmates") only. Plaintiff's Complaint is subject to summary dismissal based on Eleventh Amendment immunity because he sues a County Sheriff and Detention Center employee all in their *official* capacities *only.* ECF No. 1 at 2-3. A county detention center is under the control of the county sheriff's office, and such is considered a state agency. *See Williams v. Dorchester Cty. Det. Ctr.*, 987 F. Supp. 2d 690, 694 (D.S.C. 2013); *Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988). Thus, defendants would be state officers, not county employees, and would be entitled to Eleventh Amendment immunity when sued in official capacity only in federal court. *See Cash v. Thomas*, No. 6:12-cv-1278-MGL, 2013 WL 3804375, at *7 (D.S.C. July 19, 2013). The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens

of another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Because all Defendants were agents or employees of an arm of the State of South Carolina when acting in their official capacities, they are not a "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ( "[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). A state cannot, without its consent, be sued in a District Court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this case. S.C. Code Ann. § 15-78-20(e). Defendants, when sued in their official capacities for liability for monetary damages, are immune from suit under the Eleventh Amendment.

Further, this action would be subject to summary dismissal because in order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights). Plaintiff here must demonstrate that the official personally caused or played a role in causing the deprivation of a federal

4

right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va. Beach*, 11 Fed. App'x 212, 215 (4th Cir.2001) (affirming dismissal of the plaintiff's claim against five defendants when the plaintiff did not allege any of the defendants were personally involved in the alleged deprivation of his civil rights). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 565 n. 10. (2007). Complaints should contain facts in regard to who did what to whom and when. *Id.* Plaintiff does not connect defendants to his bare facts, and Plaintiff has already been given many opportunities to file a complaint in compliance with Rule 8. This action is subject to summary dismissal.

Additionally, there are no allegations against Sheriff Wright and appears he was named as a defendant because he is in a supervisory position. To the extent Plaintiff is attempting to allege supervisory liability by naming the Sheriff here, such defendant is subject to summary dismissal because no facts are alleged as to personal involvement and supervisory liability. In a § 1983 action, Plaintiff must allege that an individually personally acted in alleged violations. Generally, vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts of his subordinate. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983:

> (1)     that the supervisor had actual or constructive knowledge that

    his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

(2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and

(3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Sheriff Wright is subject to summary dismissal for this additional reason.

## **RECOMMENDATION**

It is recommended that the District Court dismiss Plaintiff's action *with prejudice* under § 1915(e) and § 1915A and *without issuance and service of process*.[1]

| | |
|---|---|
| | s/Thomas E. Rogers, III |
| September 12, 2024 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

---

[1] It is recommended that this action be dismissed without further leave to amend as this is Plaintiff's Third Amended Complaint in this action. *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).